**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       )<br>    Plaintiff, )<br>       )<br>v. )<br>       )<br>ANLI JIMENEZ RODRIGUEZ, )<br>       )<br>    Defendant. )| Case No. 3:24-CR-0027 -2 |

**DEFENDANTS SENTENCING MEMORADUM**

**COMES NOW,** Defendant, **ANLI JIMENEZ RODRIGUEZ**, by and through appointed counsel, and respectfully submits to this Honorable Court a sentencing memorandum, to wit:

## I. INTRODUCTION

Defendant Anli Jimenez Rodriguez, by and through undersigned counsel, respectfully submits this sentencing memorandum to assist the Court in determining an appropriate sentence in this matter. Mr. Jimenez Rodriguez has accepted responsibility for his actions, entered into a plea agreement with the government, and now seeks the Courts consideration of mitigating factors that warrant a sentence below the advisory guideline range.

## II. BACKGROUND

Mr. Jimenez Rodriguez is a 43-year-old individual with strong family ties and a history of intermittent employment, including selling seafood in the Dominican Republic. He has demonstrated remorse for his actions and has cooperated fully with the judicial process, as evidenced by his guilty plea to Count Three of the indictment.

## III. APPLICABLE SENTENCING GUIDELINES

The plea agreement stipulates an advisory guideline range of 87-108 months for Count Three, with the government recommending a sentence at the low end of the range. Additionally, the plea agreement allows for a three-level reduction for acceptance of responsibility under *U.S.S.G. 3E1.1* and permits arguments for a variance based on the factors outlined in *18 U.S.C. 3553(a)*.

## IV. MITIGATING FACTORS

1. **Acceptance of Responsibility**: Mr. Jimenez Rodriguez has unequivocally accepted responsibility for his actions, as reflected in his plea agreement and statements to the Court. This demonstrates his commitment to rehabilitation and accountability.

2. **Personal History and Characteristics**: Mr. Jimenez Rodriguez has no significant prior criminal history and has shown a willingness to contribute positively to his community. His significant other, Angela Raquel Leonardo Vargas, has corroborated his efforts to provide for his family through lawful means.

3. **Impact of Incarceration on Family**: A lengthy sentence would impose significant hardship on Mr. Jimenez Rodriguezs family, particularly given his role as a single provider.

4. **Immigration Consequences**: As a non-citizen, Mr. Jimenez Rodriguez faces the additional penalty of deportation following his sentence. This collateral consequence should be considered in determining a just and proportionate sentence.

5. **Rehabilitation Potential**: Mr. Jimenez Rodriguez has expressed a strong desire to rehabilitate and reintegrate into society. A sentence below the guideline range would better serve the goals of rehabilitation and reintegration.

## V. ARGUMENT FOR A DOWNWARD VARIANCE

Under *18 U.S.C. 3553(a),* the Court is tasked with imposing a sentence that is sufficient, but not greater than necessary to achieve the purposes of sentencing. In this case, several factors support a downward variance:

- **Nature and Circumstances of the Offense**: While serious, Mr. Jimenez Rodriguezs's conduct does not warrant the harshest penalties available under the guidelines.

- **History and Characteristics of the Defendant**: Mr. Jimenez Rodriguezs's lack of significant criminal history and his acceptance of responsibility weigh in favor of leniency.

- **Need for the Sentence to Reflect the Seriousness of the Offense**: A sentence below the guideline range would adequately reflect the seriousness of the offense while accounting for the mitigating factors discussed above.

- **Avoidance of Unwarranted Sentencing Disparities**: A reduced sentence would align with sentences imposed in similar cases, particularly in light of the government's recommendation for a sentence at the low end of the guideline range.

## VI. CONSIDERATION OF IMMIGRATION POLICY

Under the Biden administration, immigration policy has emphasized humane and proportionate treatment of non-citizens. In light of these principles, the Court should consider the severe collateral consequences Mr. Jimenez Rodriguez faces as a non-citizen, including deportation and potential separation from his family.

## VII. CONCLUSION

For the foregoing reasons, Mr. Jimenez Rodriguez respectfully requests that the Court impose a sentence below the advisory guideline range. Such a sentence would be consistent with the goals of sentencing under *18 U.S.C. 3553(a)* and would account for the unique circumstances of this case.

Dated: May 12th, 2025

Respectfully submitted,
**PALOMARES-STARBUCK & ASSOCIATES**
66 W. Flagler Street, Suite 601
Miami, Florida 33130
Telephone: (305) 537-9373
E-Service E-mail: palolaw2@gmail.com
Secondary E-mail: palolaw@gmail.com

By:    */s/ Lorenzo J. Palomares Starbuck*
        **Lorenzo J. Palomares-Starbuck, Esq.**
        *By appointment of the Court*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF and/or e-mail on this May 12th, 2025, upon all parties of record.

By:    */s/ Lorenzo J. Palomares Starbuck*
        **Lorenzo J. Palomares-Starbuck, Esq.**
        *By appointment of the Court*